ELECTRONICALLY FILED
9/24/2014 4:09 PM
2014-L-009994
CALENDAR: Q
PAGE 1 of 7
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERTS & SCHAEFER COMPANY, an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> CLYDE BERGEMANN DELTA DUCON, INC., a foreign corporation, <br><br> Defendant. | ) ) ) ) ) ) ) No. ) ) ) ) ) ) |

SHERIFF OF CHESTER COUNTY
2014 SEP 29 AM 11: 10

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ROBERTS & SCHAEFER COMPANY, an Illinois corporation, by and through its attorneys, Franco & Moroney, LLC and for its Complaint at Law against Defendant, CLYDE BERGEMANN DELTA DUCON, INC., states as follows:

### THE PARTIES AND OTHER ENTITIES

1. Plaintiff, Roberts & Schaefer Company ("R&S"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Illinois. R&S is engaged in the business of construction as an engineer and contractor.

2. Upon information and belief, Clyde Bergemann Delta Ducon, Inc. ("Clyde Bergemann") is a foreign corporation organized and existing under the laws of Pennsylvania, with its principal place of business in Pennsylvania.

### THE PROJECT AND CONTRACTS

3. On or about March 18, 2011, R&S entered into an Engineering, Procurement and Construction contract with Seminole Electric Cooperative, Inc. ("Seminole") (the "EPC Contract") for a project that involved the replacement of Seminole's existing wet bottom ash systems and economizer ash systems with dry type systems on two units located at the Seminole

ELECTRONICALLY FILED
9/24/2014 4:09 PM
2014-L-009994
PAGE 2 of 7

Generating Facility located in Palatka, Florida (the "Project"). The EPC Contract is too voluminous to attach here, but will be provided upon request.

4. On or about May 19, 2011, R&S and Clyde Bergemann entered into a purchase order in which Clyde Bergemann agreed to provide certain engineering and equipment to convert the existing wet bottom ash removal systems at the Seminole Generating Facility to dry systems utilizing Clyde Bergemann's DRYCON technology. A true and correct copy of the Purchase Order #1101-200 is attached hereto as Exhibit A.

5. The Purchase Order provides R&S with the right to backcharge Clyde Bergemann:

> **Backcharges:**
>
> Errors in manufacturing resulting in misfits, causing field revisions, delays, and/or extra costs shall be chargeable to the Equipment Supplier. In case of errors, and where practical, the Seller shall be notified and given first opportunity to determine the method of correction. Such notification will be by telephone and/or fax communication. The seller shall have 24 hours to reply, unless the condition warrants immediate action. Buyer's Construction Manager shall be the sole judge of whether immediate action is required.
>
> If corrective measures are performed by Buyer's work forces, time sheets will be kept in the field showing hours expended for the corrections, including an invoice for other charges applicable to the fix. If, under the provisions of this contract, the Equipment Seller is notified by Buyer to correct defective or non-conforming work, and/or Seller states or by its actions indicates that is [sic] unable or unwilling to proceed with corrective action in a reasonable time, Buyer and/or Owner may upon written notice, proceed to accomplish the redesign, repair, rework or replacement of the defective work by the most expeditious means available and backcharge Equipment Supplier for the costs incurred.
>
> The costs of backcharge work shall include all costs incurred by Buyer as a result of defective goods or services, including (but not limited to):
>
> a. Incurred labor costs including all payroll additives.
> b. Incurred net delivered material costs.
> c. Incurred Subcontractor costs directly related to performing the corrective action.

2

    d.    Equipment and tool rentals at prevailing rates in the Job Site area.
    e.    10% Administrative Fee.
    f.    All cost impacts by/to Owner.
    g.    Costs incurred due to a schedule slip or other impact.

The backcharge notice will request Equipment Supplier's approval for Buyer to proceed with the required work. However, failure of Equipment Supplier to grant such approval shall not impair Buyer's right to proceed with the work under this or any other provision of this contract.

Buyer shall separately invoice or deduct from payments otherwise due to Equipment Supplier, the backcharge costs as provided herein. Buyer's right to backcharge is in addition to any and all other rights and remedies provided in this contract or by law. The performance of backcharge work shall not relieve Equipment Supplier of any of its responsibilities under this contract including but not limited to express or implied warranties, specified standards to quality, contractual liabilities and indemnifications, and the contract schedule.

See Ex. A, at Section 18, p. 14.

    6.    The Purchase Order provides R&S with the right of setoff:

**23.2    Right of Setoff**

Claims for monies due or to become due from Buyer shall be subject to deduction by Buyer for any setoff or counterclaim arising out of this or any other of Buyer's orders placed with Equipment Supplier or contracts made with Equipment Supplier. Buyer expressly reserves all such rights against Equipment Supplier and its assignees.

See Ex. A, at Section 23.2, p. 19.

    7.    The Purchase Order expressly incorporates the EPC Contract, which includes the following provision:

### ARTICLE VII – ADDITIONAL TERMS & CONDITIONS

\* \* \*

**Section 10.    Disputes:** Notwithstanding the existence of a dispute between the Parties, the Contractor shall proceed with the Work as directed by the Owner so long as the Contract has not been terminated by Owner.

ELECTRONICALLY FILED
9/24/2014 4:09 PM
2014-L-009994
PAGE 3 of 7

*See* Ex. A, at Section 24, p. 21 and Exhibit B, Contract Terms and Conditions SECI Contract 1100099, Part II, Article VII, Section 10.

## VENUE AND JURIDICTION

8. Clyde Bergemann has consented to jurisdiction and venue before this Court, making both venue and jurisdiction proper in the Circuit Court of Cook County, Illinois. *See* Ex. A, at Section 23.7, p. 20.

## Count I

### Breach of Contract

9. R&S re-states and re-alleges paragraphs 1. through 8. as and for paragraph 9. as though the same were fully set forth herein.

10. Clyde Bergemann had a duty and obligation to discharge its obligations under the Purchase Order in a competent and reasonable manner.

11. That R&S has satisfied all of its obligations under the Purchase Order, including all conditions precedent.

12. That Clyde Bergemann has breached the Purchase Order in one or more of the following ways:

    a. by failing to perform its obligations due and owing under the Purchase Order resulting in substantial incurred and unpaid backcharge claims for mechanical, structural and electrical issues arising out of Clyde Bergemann's work on the Project;

    b. by otherwise failing to timely perform its obligations due and owing under the Purchase Order;

    c. by providing defective materials due and owing under the Purchase Order; and,

    d. was otherwise in breach of the Purchase Order.

ELECTRONICALLY FILED
9/24/2014 4:09 PM
2014-L-009994
PAGE 4 of 7

ELECTRONICALLY FILED
9/24/2014 4:09 PM
2014-L-009994
PAGE 5 of 7

13. As a direct and proximate cause of Clyde Bergemann's breach of the Purchase Order, R&S has been forced to incur substantial costs and fees, including, but not limited to, significant backcharges and other costs directly attributable to Clyde Bergemann's failure to timely and competently perform its obligations under the Purchase Order.

WHEREFORE, the Plaintiff, ROBERTS & SCHAEFER COMPANY, prays this honorable Court to enter judgment in its favor and against Defendant, CLYDE BERGEMANN DELTA DUCON, INC., for the amount of damages proven at trial, along with interest, costs and attorneys fees.

## Count II

### Tortious Interference With Contract

14. R&S re-states and re-alleges paragraphs 1. through 13. as and for paragraph 14. as though the same were fully set forth herein.

15. The EPC Contract was a valid and enforceable contract between R&S and Seminole.

16. Clyde Bergemann was aware of and had knowledge of R&S' contractual relationship with Seminole pursuant to the EPC Contract.

17. As a result of Clyde Bergemann's failure to timely and competently perform its obligations under the Purchase Order, R&S incurred substantial backcharge claims for mechanical, structural and electrical issues arising out of Clyde Bergemann's work on the Project.

18. R&S duly performed its obligations under the EPC Contract and Purchase Order and fulfilled all preconditions on the part of R&S to be fulfilled.

ELECTRONICALLY FILED
9/24/2014 4:09 PM
2014-L-009994
PAGE 6 of 7

19. R&S has made repeated demands for payment from Clyde Bergemann for payment of all of the backcharge claims pursuant to the Purchase Order.

20. Despite the demands made by R&S, Clyde Bergemann has refused and continues to refuse to tender full payment to R&S for the backcharge claims to date.

21. Notwithstanding the existence of any dispute between R&S and Clyde Bergemann relating to R&S' backcharge claims, Clyde Bergemann was nevertheless required to perform all of its work on the Project and to complete all of its contractual obligations under the Purchase Order. *See* Ex. A, at Section 24, p. 21 and Exhibit B, Contract Terms and Conditions SECI Contract 1100099, Part II, Article VII, Section 10

22. Clyde Bergemann failed to complete its work on the Project and did not complete all of its contractual obligations under the Purchase Order.

23. Clyde Bergemann threatened to record a baseless and unsubstantiated lien claim against Seminole and the Project in order to intentionally and unjustifiably induce Seminole to contract directly with Clyde Bergemann for completion of Clyde Bergemann's work on the Project for which it was already obligated to perform under the Purchase Order in breach of both the EPC Contract and Purchase Order.

24. Subsequently, and as a result of Clyde Bergemann's wrongful conduct, Clyde Bergemann entered into a contract directly with Seminole for completion of its work on the Project in direct circumvention of the Purchase Order, and was paid approximately $2,200,000 by Seminole for work that Clyde Bergemann was already paid for and/or obligated to perform under the Purchase Order and/or which included amounts that Clyde Bergemann claimed as unpaid by R&S under the Purchase Order.

25. As a direct and proximate result of Clyde Bergemann's intentional interference with the EPC Contract, R&S has sustained damages.

WHEREFORE, the Plaintiff, ROBERTS & SCHAEFER COMPANY, prays this honorable Court to enter judgment in its favor and against Defendant, CLYDE BERGEMANN DELTA DUCON, INC., for the amount of damages proven at trial, along with punitive damages, interest, costs and attorneys fees.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: September 23, 2014

Roberts & Schaefer Company,
By one of its attorneys

Robert J. Franco
Christopher M. Cano
FRANCO & MORONEY LLC
500 West Madison Street
Suite 2440
Chicago, Illinois 60661
(312) 469-1000
(312) 469-1011 fax
Attorney ID no.: 48347

ELECTRONICALLY FILED
9/24/2014 4:09 PM
2014-L-009994
PAGE 7 of 7

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERTS & SCHAEFER

v.

CLYDE BERGEMANN DELT

(Name all parties)

No. 2014-L-009994

**Defendant Address:**
CLYDE BERGEMANN DELT
R/A HANS SCHWADE
33 SPROUL ROAD
MALVERN, PA 19355

Summons

To each Defendant: ☑ SUMMONS    ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 48347
Name: ROBERT J. FRANCO II
Atty. for: ROBERTS & SCHAEFER
Address: 500 WEST MADISON STREET
City/State/Zip: CHICAGO, IL 60661
Telephone: (312) 469-1000

WITNESS, Wednesday, 24 September, 2014

/s DOROTHY BROWN
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**SHERIFF OF CHESTER COUNTY**

2014 SEP 29 AM 11: 10

Civil Action Cover Sheet - Case Initation  (Rev. 4/09/13) CCL 0520

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ROBERTS & SCHAEFER

v.

CLYDE BERGEMANN DELT

No. _____

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterized your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ☑ Yes  ☐ No

```
ELECTRONICALLY FILED
9/24/2014 4:09 PM
2014-L-009994
CALENDAR: Q
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN
```

(FILE STAMP)

**PERSONAL INJURY/WRONGFUL DEATH**

CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and Negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**COMMERCIAL LITIGATION**

CASE TYPES:
- ☑ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please Specify Below**)
- ☐ 075 Other Commercial Litigation
  (Please Specify Below**)
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**

CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

**TAX & MISCELLANEOUS REMEDIES**

CASE TYPES:
- ☐ 007 Confession Of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

** _____

Service via email will be accepted at:

By: _____  /s ROBERT J. FRANCO II
     (Attorney)                       (ProSe)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

SHERIFF OF CHESTER COUNTY

2014 SEP 29 AM 11: 09